Griffin & Connelly v. Piper.

---

## Griffin & Connelly v. Seth Piper.

## Esch Bros. & Rabe v. Seth Piper.

1. ILLEGAL CONTRACTS—*Courts Will Not Enforce.*—Courts will not sustain an action which can only be sustained by giving effect to the terms of an illegal contract.

Memorandum.—Assumpsit. In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Common counts and a special count alleging that defendant was indebted to plaintiffs for money delivered and deposited with the defendant for safe keeping. Plea of general issue and affidavit of merits; tried by the court without a jury; finding and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 15, 1894.

### COPY OF ARTICLES OF ASSOCIATION.

We, the undersigned members of the "Chicago Ice Exchange," each in consideration of the signing of this agreement by other members, do hereby agree faithfully to observe the articles of association and the rules of such exchange, and live up to the same, and especially do we agree

to observe and enforce article 16, which requires the members not to solicit the trade of the customers of other members of such exchange. And we further agree to immediately instruct and notify all of our employes to refrain from the solicitation of the business of other members of the exchange. Any member violating such article 16 shall be fined on the same being made to appear to the satisfaction of the board of arbitration, and we hereby agree to pay any and all fines which the board may impose.

Signatures of the members.

COPY OF AFFIDAVIT ATTACHED.

STATE OF ILLINOIS, )
COUNTY OF COOK.  ) ss.

The undersigned being duly sworn, on oath say that they have read the above and foregoing agreement by them signed, that they hereby swear to live up to the best of their ability to said agreement, and to cause the same to be observed by the company to which they belong, and to enforce the articles and rules therein mentioned to the best of their ability.

Subscribed and sworn to before me this ——— day of March, A. D. 1888.

.................................
Notary Public.

COPY OF ACKNOWLEDGMENT ATTACHED.

STATE OF ILLINOIS, )
COUNTY OF COOK.  ) ss.

I, Hugh Martin, a notary public in and for the county and state aforesaid, hereby certify that all of the signatures hereto attached by the officers of corporations and individuals to the foregoing obligations were duly acknowledged for the uses and purposes therein set forth, and that the agreements and adoptions herein entered upon was sworn to for the keeping and fulfillment thereof.

In witness thereof I have hereto set my hand and seal this 5th day of March, A. D. 1888.

(Signed)                              H. M.,
                                  Notary Public.

Copy of Certificate.

No. 39.   State of Illinois. ⎫ $100.00.
The Chicago Ice Exchange. ⎭

Membership certificate not transferable.

This certifies that the firm of Esch Bros. & Rabe is a member of the Chicago Ice Exchange, and has paid to the secretary of said exchange as a membership fee the sum of one hundred dollars.

Witness the signature of the president and secretary of said exchange, at Chicago, Illinois, on the 26th day of August, A. D. 1887.

J. H. W., President.

J. S. S., Secretary.

Appellant's Brief, Francis T. Murphy, Attorney.

Where there is an express contract, the parties, as between themselves, are partners or not, according to the provisions of the contract.   The intention is the controlling element. Sailors v. Nixon-Janes Printing Co., 20 Ill. App. 509; Stevens v. Faucet, 24 Ill. 483; Mehaff v. Dudley, 40 Ill. 406; Butler v. Merrick, 24 Ill. App. 628.

A wagering contract is illegal, and a party depositing money with the stakeholder may recover it at any time before it is actually paid over by him to the winner; and this although the event has taken place upon which the wager depends and the party claiming knows he has lost. The motive upon which he acts is of no consequence.   He elects to disaffirm the illegal contract.   Shannon v. Baumer, 10 Iowa 210; McAllaster v. Hoffman, 16 S. & R. (Penn.) 147; Visher v. Yates, 11 Johns. (N. Y.) 23; Wheeler v. Spencer, 15 Conn. 28; Hause v. McKenny, 46 Me. 94.

Appellee's Brief, Swift, Campbell, Jones & Martin, Attorneys.

" We will not assist an illegal transaction in any way. We leave the matter as we find it; and then the maxim applies, *potior est conditio defendentis.*"   Neustadt v. Hall, 58 Ill. 172.

" Plaintiff in error having embarked his money in an enterprise prohibited alike by the statute, good conscience and the public policy, placed himself and his money outside of the pale of the law, and if he has been despoiled by the failure of his associate to account for the funds placed in his hands for the purpose of carrying on the unlawful business, then both good morals and good policy require that the law shall not aid him." Shaffner v. Pinchback, 133 Ill. 412; Tobey v. Robinson, 99 Ill. 222.

Mr. Justice Gary delivered the opinion of the Court.

Two cases were commenced in the Circuit Court, in one of which John Griffin and Francis W. Connelly, composing the firm of Griffin & Connelly, were plaintiffs, and in the other William Esch, Frederick Esch, August Esch and Frederick L. Rabe, composing the firm of Esch Bros. & Rabe, were plaintiffs, and in both Seth Piper was defendant.

By agreement the cases were tried together in the Circuit Court, and but one record is filed here to show the proceedings in both cases.

All the parties were dealers in ice. They formed an association of which Piper was treasurer, and of which many other ice dealers were members, the purpose of which, the appellants concede, was illegal, it being in effect to prevent competition in the ice trade. The suits were to recover back money paid by the appellants as membership fees, at the rate of $50 for each ice wagon.

The association was formed in July, 1884. Esch Bros. & Rabe remained members until March, 1888, and Griffin & Connelly until March, 1889. Both firms took an active part in the affairs of the association of which they were respectively members.

The theory upon which a recovery was sought was that as the money was still in the possession of Piper unexpended, there was a place for repentance by the appellants.

Without going into detail to show that the money paid in has not remained intact, but has been mingled with much

other money, out of which expenses have been paid, and of which large investments have been made in bonds for the use of the association, it is enough to say that during the whole periods that the appellants were respectively members, the money they had paid in was effectively used for the purpose of the association, as a bond of union among the members, to keep them up to their pledges for concerted action in preventing competition.

We may dispose of this case as shortly, and upon the same principle, as did the Supreme Court of the case of Liness v. Hessing, 44 Ill. 113. "*Ex turpi causa non oritur actio:* We must leave these parties as we find them." The judgments are affirmed.